[No. 1232.]

THE STATE OF NEVADA ex rel. J. F. HALLOCK, STATE CONTROLLER, RELATOR, v. D. B. BOYD, TREAS-URER OF WASHOE COUNTY, RESPONDENT.

COUNTY TREASURER — POLL-TAX — COMMISSION FOR COLLECTION. — County treasurers are not entitled to deduct, as percentage commission allowed to the county, ten per cent of the poll-taxes collected by them, as *ex officio* tax receivers, from the amount payable into the state treasury for state purposes.

APPLICATION for *mandamus.*

The facts are stated in the opinion.

*W. H. Davenport*, Attorney General, and *H. F. Bartine*, for Relator.

*John F. Alexander*, for Respondent.

By the Court, LEONARD, J.:

This is an application for a peremptory writ of mandate, compelling respondent, as treasurer of Washoe County, to pay into the state treasury of Nevada the sum of one hundred and seventy-one dollars and eighty cents, claimed to be due from said county to the state, on account of poll-taxes collected by respondent as *ex officio* tax receiver, during the half-year ending December, 1885. It is admitted that three thousand four hundred and thirty-six dollars were collected. Of this amount relator claims one half for the state; that is to say, one thousand seven hundred and eighteen dollars; while respondent is of the opinion that the county of Washoe is entitled, under the law, to deduct from the whole amount ten per cent (three hundred and forty-three dollars and sixty cents) and that the state is entitled to one half of the balance, to wit: one thousand five hundred and forty six dollars and twenty cents. Respondent paid in the amount last named, but refused, and still refuses, to pay the balance claimed by relator, one hundred and seventy-one dollars and eighty cents.

The statute provides that " of the moneys collected as poll-tax, after all the expenses of collection are paid, fifty per cent

shall be paid into the county treasury for county purposes, and the remaining fifty per cent shall be paid in for state purposes." (Gen. Stat. 1128.) Under the revenue act of 1865 the assessor was allowed to retain ten per cent of all the poll-taxes paid to him as compensation for collection. (Gen. Stat. 1129.) In 1877, section 50 of the revenue act of 1865 was amended. Poll-taxes were required to be entered upon the assessment roll if they were unpaid, in cases where persons owing them owned real estate which was assessed, and poll-taxes became delinquent like property taxes. Upon poll-taxes not delinquent, collected by the tax receiver, the assessor was entitled to be allowed by the board of county commissioners ten per cent commission. (Stat. 1877, 172, 173.)

It is claimed by respondent that the statute last referred to is in force, and that under it, and other statutes hereafter mentioned, he is justified in retaining the amount in controversy, for the benefit of Washoe County. We think he is in error. It will be noticed that the ten per cent allowed by the statute of 1877, like that of 1865, belonged to the assessor, and not to the county. In 1879, "An act fixing the salaries of the various county officers in the state" was passed, which provided that the salaries therein fixed should be in full for all services, and all *ex officio* services required of them by law. The salary of the assessor of Washoe County was fixed at two thousand dollars per annum. Under the ninth section, the several county officers named were required to collect, and safely keep, all fees, percentages, and compensations allowed them by law for services rendered by them or their deputies in their several official capacities, and pay the same over to the county treasurer of their county on the first Monday in each month. (Stat. 1879, 133.) That law went into effect on the first Monday in January, 1881. On March 1, 1883 (Stat. 1883, 78), the salary law of 1879, and all acts amendatory thereof and supplementary thereto, were repealed; but the repeal did not take effect until the first Monday in January, 1885. On the fourteenth of March, 1883, "An act in relation to county assessors, their terms of office and compensation," was passed. It fixed the salary of the assessor of Washoe County from and after January 1, 1885, at one thousand five hundred dollars per annum for all services required by law, and repealed all acts and parts of acts in conflict therewith. (Stat. 1883, 123.)

It will be seen from the above that the salary law of 1879 repealed the provisions of the statute of 1877, allowing the assessor a commission of ten per cent on poll-taxes collected by the *ex officio* tax receiver; but from the first Monday in January, 1881, until the first Monday in January, 1865, counties were entitled to retain it.

This, then, was the situation on the first Monday in January, 1885: There was no statute allowing the assessor any commission as compensation for collection of poll-taxes; but, on the contrary, the statute of March 14, 1883, prohibited such allowance; and if the statute of 1879 had been in force the ten per cent formerly allowed the assessor could not have been paid to the treasurer and retained by the county; because, under section 19, only fees and percentages *allowed the assessor* could have been so paid or retained. Had there been no other legislation subsequent to the first Monday in January, 1885, it cannot be doubted that the state would have been entitled to receive fifty per cent of all money collected for poll-taxes; but at the session of 1885, other statutes touching this question were passed, and it becomes necessary to ascertain their effect upon the subject in hand.

By an act approved March 5, 1885 (Stat. 1885, 62), it was provided as follows: "On all moneys collected from personal property tax, poll-tax, and the tax on the proceeds of mines, by the several county assessors in this state, there shall be reserved and paid into the county treasury, for the benefit of the general fund of their respective counties, by said county assessors, the following percentage commissions: *first*, on the gross amount of collections from personal property tax, six per cent; *second*, on the gross amount of collections from poll-tax, ten per cent; *third*, on the gross amount of collections from the tax on the proceeds of mines, three per cent." On March 11, 1885, "An act regulating the compensations of county officers in the several counties of this state, and other matters relating thereto," was passed. It fixes the salary of the assessor of Washoe County at one thousand eight hundred dollars per annum, and provides that such salary shall be in full for all services, and *ex officio* services, required by law. No other portion of this statute affects tne question under consideration. Under the act of March 5, 1885, above referred to, ten per cent of all moneys collected on account of poll-taxes *by the assessor*

must be reserved and paid into the county treasury, as percentage commissions allowed to the county; but there is no authority for the reservation or payment of any percentage on account of poll-taxes collected by the *ex officio tax receiver.* Any other conclusion would be judicial legislation.

Whether or not there is the same reason for allowing a commission to counties for poll-taxes collected by the *ex officio* tax receiver, as there is for those collected by the assessor, is a question that may engage the attention of the legislature; but as the law now reads we cannot construe the words " county assessors " to mean " county assessors and *ex officio* tax receivers."

Writ granted.